IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Helena Walker )
300 Wyndham Circle, Unit K )
Owings Mills, MD 21117 )
 )
      *Plaintiff,* )
 )
v. ) Civil No.
 )
United States of America, )
 )
      *Defendant* )

## COMPLAINT

The Plaintiff, Helena Walker, by and through counsel, Chaya Kundra, Esq. and Kundra & Associates, hereby institutes a suit for refund of an overpayment of income tax for tax year 2009. As the basis for the Plaintiff's claim, she alleges as follows:

### I. THE PARTIES

1. Plaintiff Helena Walker is an individual citizen of the United States who resides at 300 Wyndham Circle, Unit K, Owings Mills, Maryland, 21117.

2. Defendant is the United States of America.

## II. JURISDICTION AND VENUE

3. This is a suit arising under the laws of Title 26 of the United States Code, for refund of income taxes, related penalties and interest erroneously assessed and collected as well as interest earned thereon against Plaintiff, Helena Walker.

4. Jurisdiction in this action is conferred upon the court by 28 U.S.C. § 1346(a)(1).

5. Venue for this action is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1402(a)(1), as this is the location where the Plaintiff resides.

## III. INTRODUCTION

6. Your Plaintiff is claiming a refund of $6,531 plus related interest for monies paid towards her 2009 Form 1040, *U.S. Individual Income Tax* liability.

7. On or about May 4, 2012, Ms. Walker filed a claim for refund via a Form 1040X, *Amended U.S. Individual Income Tax Return*.

8. This claim was improperly disallowed by the Internal Revenue Service on July 24, 2012.

9. Plaintiff was found disabled on July 25, 2007, by the Maryland State Retirement and Pension System due to job related conditions.

10. Due to her disability, Petitioner receives monthly payments from the State Retirement and Pension Fund ("SRPF").

11. The payments received by Plaintiff under SRPF are in the nature of workmen's compensation act.

12. Under 26 U.S.C. § 104(a)(1), amounts received under workmen's compensation acts as compensation for personal injuries or sickness is excluded from taxation.

13. 26 C.F.R. § 1.104-1(b) states that payments received under a statute in the nature of workmen's compensation act is not taxable.

14. Petitioner is entitled to a refund of the monies received from the SRPF as it was non-taxable under 26 U.S.C. § 104(a)(2).

15. As the monies received from SRPF are to compensate Plaintiff for her disability that rendered her unable to perform her job duties, they are paid in the nature of workmen's compensation.

16. Plaintiff is suing for the return of the income taxes paid pursuant to 26 U.S.C. § 104(a) and Treas. Reg. § 1.104-1(b) and related interest.

## IV. CLAIM

17. For many years, Plaintiff Helena Walker was a Transition Coordinator for the Baltimore City Public School ("BCPS") System. She helped

children with disabilities. In March 2006, Plaintiff injured her hand at work. In addition to the physical pain she suffered, your Plaintiff began to manifest psychological issues also due to this injury.

18. Beginning January 19, 2007, BCPS placed your Plaintiff on administrative leave on account of her injury.

19. Consequently, Plaintiff applied for both workmen's compensation and Ordinary Disability through the Maryland State Retirement and Pension System.

20. On July 25, 2007, the State Retirement and Pension System found Plaintiff to be permanently disabled. She began receiving payments from SRPS and from the Social Security Administration due to her disability.

21. Social Security Disability Benefits and SRPF payments are reduced when an individual also receives an award under workmen's compensation so that the total amount received is does not exceed 80% of an individual's average current earnings before the disability. 42 U.S.C. § 424a; Md. Code, Lab. & Empl. § 610.1.

22. Due to the offset provisions, Petitioner withdrew her claim for workmen's compensation.

23. On April 17, 2011, your Plaintiff filed an original 2009 Form 1040, *U.S. Individual Income Tax Return* as married filing separately showing a total tax liability of $6,469. This tax return was filed electronically with the Internal Revenue Service. Plaintiff had taxes withheld of $3,140 and paid an additional $2,991 with the return. Payment was made to the Internal Revenue Service Center in Kansas City, Missouri. See *Exhibit A*.

24. Plaintiff's originally filed return reports the entire $49,693 distribution from the SRPF as income. The resulting tax liability of $6,469 includes tax assessed on the $49,693 income.

25. As the original return was filed on March 22, 2011, penalties for late filing and late payment of tax were imposed in the amounts of $62 for not pre-paying tax, $659.02 for late file and $190.38 for late pay. Interest for late payment was assessed of $128.98 on June 13, 2011.

26. On April 15, 2011, a $400 credit was made to Taxpayer's account. Your Petitioner paid the penalties and interest of $978.38 on June 24, 2011 at the Internal Revenue Service Center in Kansas City, Missouri.

27. Petitioner full paid the tax, penalties and interest for her 2009 income tax return. A copy of Plaintiff's 2090 IRS Tax Transcript is attached as *Exhibit B*.

28. On May 4, 2012, Plaintiff filed a claim for refund with respect to the 2009 tax year on a Form 1040X, *U.S. Amended Individual Income Tax Return* in the amount of $6,531 with the Internal Revenue Service Center in St. Louis Missouri. A copy is attached as *Exhibit C*.

29. The Form 1040X excludes from as taxable income the $49,693 received from SRPF.

30. The $49,693 received in 2009 was payment from SRPF received as disability retirement.

31. Plaintiff received this payment due to her injury sustained at work and related sickness caused by the injury.

32. Because certain SFPF payments are reduced when an individual also received an award under workmen's compensation, Plaintiff withdrew her claim for workmen's compensation.

33. Due to your Plaintiff's claim for workmen's compensation arising from the same injury and sickness upon which SRPF approved her ordinary disability, the payments from SRPF is in the nature of workmen's compensation.

34. Certain SRPF payments for are reduced when an individual also receives an award under Workmen's Compensation.

35. On June 24, 2012, Ms. Walker received a Notice of Disallowance as to her refund claim by the IRS. It was signed by Norma J. Brudwick, Field Director, Accounts Management from the Internal Revenue Service Center in Austin, Texas.

36. IRS' letter disallowed Plaintiff's entire claim with respect to the 2009 tax year of $6,531. See *Exhibit D*.

37. Subsequently, Plaintiff appealed the Notice of Disallowance to the IRS Office of Appeals. In her Formal Written Protest, Plaintiff argued that under 26 U.S.C. § 104(a) and Treas. Reg. § 1.104-1, the $49,693 payment received in 2009 from SRPF is excluded from income because it was issued under a statute in the nature of Workmen's Compensation Act. See *Exhibit E* for an excerpt Plaintiff's Formal Written Protest.[1]

38. The IRS Office of Appeals in Philadelphia upheld the determination to disallow Petitioner's claim. See *Exhibit F* for the IRS Office of Appeals letter dated April 10, 2013.

39. Pursuant to 26 U.S.C. § 6531(a)(1), Plaintiff has two years from the date of the Notice of Disallowance of July 24, 2012, to file a refund suit in U.S. District Court.

---

[1] Please note that plaintiff filed her formal written protest to the IRS Office of Appeals *pro se*.

40. This Complaint is timely.

41. As grounds for recovery, Plaintiff relies on the same argument made in its claim for refund and related written protest to the IRS Office of Appeals.

42. Plaintiff also seeks interest accrued on the amounts paid under 28 U.S.C. § 2801(a).

WHEREFORE, Plaintiff prays for judgment against the Defendant in the amount of $6,531 of tax paid and $978.38 of penalties and interest paid, as well as interest accrued on the refund amount, or such greater amount as she may be entitled to, together with costs and interest as allowed by law.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues raised on the Complaint.

Dated:   July 24, 2014                                       Respectfully submitted,

 

_____/s/_____
Chaya Kundra, Esq.

*Counsel for Plaintiff*
Bar number: 12469
Kundra & Associates, P.C.
110 N. Washington Street, Suite 406
Rockville, MD 20850
Phone: (301) 424-7585
Facsimile: (301) 424-7047